United States District Court
Southern District of Texas
FILED

OCT 1 5 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EMILY J. WEIMER | § | |
| plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. **B-02-199** |
| | § | |
| AMERICAN BANKERS LIFE ASSURANCE | § | |
| COMPANY OF FLORIDA and | § | |
| WELLS FARGO, INC. | § | |
| defendants | § | |

## NOTICE OF REMOVAL

COMES NOW American Bankers Life Assurance Company of Florida ("ABI"), a defendant in **State Court Cause No. 02-220,** and files this Notice of Removal from the 138th District Court, Willacy County, Texas, where such cause is now pending, to the District Court of the United States for the Southern District of Texas, Brownsville Division, and would respectfully show the court as follows:

### PARTIES

1.      This Notice of Removal is filed by defendant, American Bankers Assurance Company of Florida.

2.      The plaintiff, Emily J. Weimer ("Weimer" or "Plaintiff"), is a Texas resident.

3.      ABI is a Florida corporation with its principal place of business in Florida.

4.      Wells Fargo Insurance, Inc. is a Minnesota corporation with its principal place of business in Minnesota.

### JURISDICTION AND VENUE

5.      The matters in controversy in this suit arise out of the defendants' alleged improper

denial of or refusal to pay life insurance benefits.  The plaintiff alleges that the defendants improperly denied payment of life insurance benefits after the death of Lawrence Weimer, the plaintiffs now deceased husband.  The Plaintiff seeks monetary damages, including statutory penalty damages and actual damages, for her alleged injuries.

6.      This court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that the amount in controversy exceeds $75,000.00 exclusive of interest and costs and there is complete diversity between the Plaintiff and Defendants.

7.      This court has removal jurisdiction under 28 U.S.C. §1441(a).

8.      This petition is timely filed in accordance with 28 U.S.C. § 1446(b).

9.      Venue is proper in that the cause of action that is the subject of this removal petition was originally filed in a state court within this district and division.

## FACTUAL BACKGROUND

10.     This suit is a civil action over which the District Courts of the United States have original jurisdiction.  ABI is in the business of providing life insurance through entities like Wells Fargo, among others.  In this case, it is alleged that ABI improperly refused to pay benefits on a life insurance policy purchased by the plaintiff through Wells Fargo.

11.     This action was filed on or about September 4, 2002, in the 138th District Court, Willacy County, Texas.

12.     ABI was served with citation on September 18, 2002. Wells Fargo was served with citation on or about September 18, 2002 and consents to this removal.

## STATE COURT DOCUMENTS ATTACHED

13.    All documents required by Local Rule 81 are attached hereto.

## PRAYER

14.    ABI prays that State Court Cause No. CL-38,603-B be removed to this court.

15.    ABI further prays that the state court action proceed no further unless and until this

case is remanded.

16.    A copy of the Notice of Removal will be promptly filed with the Clerk of the State

Court.

Dated: October 15, 2002

Respectfully submitted,

By_____
Daniel G. Gurwitz
State Bar No. 00787608
Fed. I.D. No. 16895
Atlas & Hall, L.L.P.
P.O. Box 3725
McAllen, Texas 78502-3725
Phone: (956) 682-5501
Fax: (956) 686-6109

Attorney in Charge for defendant
American Bankers Life Assurance
Company of Florida

## Certificate of Service

I certify that on October 15, 2002 a true and correct copy of the foregoing document was sent to all counsel of record, as follows:

| Attorney: | For: | Served by: |
|---|---|---|
| John L. Malesovas<br>MALESOVAS & MARTIN<br>P.O. Box 1709<br>Waco, Texas 76703-1709 | Plaintiff<br>Emily J. Weimer | *CMRRR: 7000 0520 0025 4205 9797* |
| Anthony L. Vitullo<br>FEE, SMITH, SHARP &<br>VITULLO, L.L.P.<br>One Galleria Tower<br>13355 Noel Road, Suite 1200<br>Dallas, Texas 75240 | Plaintiff<br>Emily J. Weimer | *CMRRR: 7000 0520 0025 4205 9803* |
| Jim Solis<br>Rio Grande Law Center<br>Building<br>501 East Tyler<br>Harlingen, Texas 78550 | Plaintiff<br>Emily J. Weimer | *CMRRR: 7000 0520 0025 4205 9810* |
| Chris Boswell<br>STAPLETON, CURTIS &<br>BOSWELL, L.L.P.<br>515 E. Harrison, Suite A<br>Harlingen, Texas 78551 | Defendant Wells<br>Fargo Insurance, Inc. | *Regular mail* |

Daniel Gurwitz

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EMILY J. WEIMER §
    *plaintiff* §
§
vs. §        **CIVIL ACTION NO.**_____
§
AMERICAN BANKERS LIFE ASSURANCE §
COMPANY OF FLORIDA and §
WELLS FARGO, INC. §
    *defendants* §

**INDEX OF MATTERS BEING FILED
AND LIST OF ALL COUNSEL OF RECORD**

Defendant American Life Assurance Company of Florida ("ABI") submits this Index of Matters Being Filed pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas, Brownsville Division. Pursuant to the Local Rule 81, the following items are being filed with the Notice of Removal filed by Defendant:

1.    Index of Matters Being Filed and List of All Counsel of Record;

2.    A copy of the citation to ABI showing service of process on September 18, 2002 and a copy of citation to Wells Fargo showing service of process on September 18, 2002.

3.    Copies of all pleadings as follows:

    a.    Plaintiff's Original Petition

    b.    ABI's Original Answer

    c.    Wells Fargo's Original Answer.

4.    A copy of the state court docket sheet.

5.    The parties respective attorneys are as follows:

A.     Plaintiff's Attorneys:

John L. Malesovas
MALESOVAS & MARTIN
P.O. Box 1709
Waco, Texas 76703-1709

Anthony L. Vitullo
FEE, SMITH, SHARP & VITULLO, L.L.P.
One Galleria Tower
13355 Noel Road, Suite 1200
Dallas, Texas 75240

Jim Solis
Rio Grande Law Center Building
501 East Tyler
Harlingen, Texas 78550

B.     Defendant's Attorney:

Daniel G. Gurwitz
ATLAS & HALL, L.L.P.
P.O. Box 3725
818 Pecan
McAllen, Texas 78502

C.     Defendant's Attorney:

Chris Boswell
STAPLETON, CURTIS & BOSWELL, L.L.P.
515 E. Harrison, Suite A
Harlingen, Texas 78551

Dated: October 15, 2002

2

Cause No.: 02220                          {}          In the 138
Plaintiff:                                {}          District Court
EMILY J WEIMER                            {}          WILLACY County
Defendant:                                {}
AMERICAN BANKERS LIFE
ASSURANCE COMPANY OF
FLORIDA   ETAL

## Officer's Return

Came to hand September 12, 2002 at 9:06 A.M. and executed in Travis County, Texas, on September 18, 2002 at 8:03 A.M. by delivering to AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA by delivering to its registered agent, Corporation Service Company, 800 Brazos, Ste 750, Austin, Texas, by delivering to Margaret Leak, designated agent for service, a true copy of the citation together with an accompanying copy of the petition.

FEE: $ 45 Paid



Bruce Elfant,
Constable Pct 5
Travis County, Texas

by:

Miracle Mount, Deputy



FILED
SEP 2 6 2002
10:40

# CITATION

THE STATE OF TEXAS

To  American Bankers Life Assurance Company of Florida

c/o its registered agent for service in Texas: Corporation Service Company

800 Brazos, Austin, TX 78701

Defendant_____, in the hereinafter styled and numbered cause: 02-220

YOU ARE HEREBY COMMANDED to appear before the _____138th_____ Court _____

of __Willacy_____ County, Texas, to be held at the courthouse of said county in the City of

_____Raymondville_____, _____Willacy_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number __02-220_____, styled

_____Emily J. Weimer_____, Plaintiff___,

vs. American Bankers Life Assurance Company of Florida, and Wells Fargo Ins. Inc. Defendant___,

filed in said court on the __4th__ day of September, 2002.

Plaintiff is represented by __John L. Malesovas_____, whose

address is __P.O. Box 1709,_____ __Waco,_____ __Texas_____ __76703-1709____,
  street          city          state          zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____4th_____ day of

__September_____, 2002.

_____S.V. "Chago" Fonseca_____

District Clerk of _____Willacy_____, County, Texas

_____546 W. Hidalgo, 2nd Floor_____
Clerk's address
_____Raymondville, TX 78580_____

By _____Theresa Garcia_____ Deputy.



## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Reproduction of this form by any person or party is prohibited.

**RETURN TO COURT COPY**



**Bruce Elfant, Constable**
Travis County Constable Precinct 5
P.O. Box 1748
Austin, Texas  78767
September 19, 2002

MALESOVAS MARTIN & TEKELL
P O BOX 1709
WACO, TX 76703

## INVOICE

Cause Nbr          02220-2
Plaintiff          EMILY J WEIMER
Service Name       AMERICAN BANKERS LIFE

Service Fee        45.00
Payment Received   45.00
Balance Due         0.00

Thank you for allowing us to be of service to you in this case.

Check the status of your civil process at
www.Constable5.com
Be sure to bookmark the ServiceCheck page

Cause No.: 02220                        {}        In the 138
Plaintiff:                             {}        District Court
EMILY J WEIMER                         {}        WILLACY County
Defendant:                             {}
AMERICAN BANKERS LIFE
ASSURANCE COMPANY OF
FLORIDA  ETAL

## Officer's Return

Came to hand September 12, 2002 at 9:06 A.M. and executed in Travis County,
Texas, on September 18, 2002 at  8:03 A.M. by delivering to WELLS FARGO
INSURANCE INC by delivering to its registered agent, Corporation Service
Company, 800 Brazos, Ste 750, Austin, Texas, by delivering to Margaret Leak,
designated agent for service, a true copy of the citation together with an
accompanying copy of the petition.

FEE: $ 45 Paid



Bruce Elfant,
Constable Pct 5
Travis County, Texas

by:

Miracle Mount, Deputy



# CITATION

THE STATE OF TEXAS

To  Wells Fargo Insurance, Inc., c/o its registered agent for service in Texas:

　Corporation Service Company

　800 Brazos, Austin, TX 78701

Defendant_____, in the hereinafter styled and numbered cause 02-220

　YOU ARE HEREBY COMMANDED to appear before the _____138th_____ Court _____

of _Willacy_____ County, Texas, to be held at the courthouse of said county in the City of

_Raymondville_____, _____Willacy_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _02-220_____, styled

_____

_Emily J. Weimer_____, Plaintiff____,

vs. American Bankers Life Assurance Company of Florida, and Wells Fargo Ins. Inc, Defendant___,

filed in said court on the _4th_ day of September_____, 202_. 2002

　Plaintiff is represented by _John L. Malesovas_____, whose

address is _P.O. Box 1709, _____Waco, _____Texas_____76703-1709_____,

　　　street　　　　　　　　　　city　　　　　　state　　　　　　　zip code

　ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____4th_____ day of

_September_____, 202_ 2002

_____S.V. "Chago" Fonseca_____

District Clerk of _____Willacy_____. County, Texas

_____546 W. Hidalgo, 2nd Floor_____
Clerk's address

_____Raymondville, TX 78580_____

By _Theresa Garcia_____ Deputy.

## NOTICE

　You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.



Reproduction of this form by any person or party is prohibited.

### RETURN TO COURT COPY



**Bruce Elfant, Constable**
Travis County Constable Precinct 5
P.O. Box 1748
Austin, Texas  78767
September 19, 2002

MALESOVAS MARTIN & TEKELL
P O BOX 1709
WACO, TX 76703

## INVOICE

Cause Nbr        02220-1
Plaintiff         EMILY J WEIMER
Service Name      WELLS FARGO INSURANCE INC

Service Fee       45.00
Payment Received  45.00
Balance Due       0.00

Thank you for allowing us to be of service to you in this case.

Check the status of your civil process at
www.Constable5.com
Be sure to bookmark the ServiceCheck page

3

NO. 02-220

| | | |
|---|---|---|
| EMILY J. WEIMER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | OF WILLACY COUNTY, TEXAS |
| AMERICAN BANKERS LIFE | § | |
| ASSURANCE COMPANY OF FLORIDA, | § | |
| and WELLS FARGO INSURANCE, INC. | § | |
| | § | |
| Defendants. | § | 138th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Emily J. Weimer (hereinafter "Weimer"), Plaintiff in the above styled and numbered cause, complaining of American Bankers Life Assurance Company of Florida ("American Bankers") and Wells Fargo Insurance, Inc. ("Wells Fargo"), and for cause of action would respectfully show the Court the following:

### I.

### DISCOVERY PLAN DESIGNATION

Pursuant to Tex. R. Civ. P. 190.1, Plaintiff designates this as a Level II case for discovery.

### II.

### PARTIES

2.01    Weimer is an individual resident of Willacy County, Texas.   Weimer is the

beneficiary of a life insurance policy issued by American Bankers, insuring the life of her deceased

PLAINTIFF'S ORIGINAL PETITION                                                                    PAGE 1



FILED

SEP 0 4 2002

spouse, Lawrence Weimer ("Lawrence").

2.02   Defendant, American Bankers Life Insurance Company of Florida, is an insurance company duly organized and existing under the laws of the State of Florida, with its principal place of business and corporate headquarters located in Fort Worth, Texas. American Bankers is and authorized to do business, and is doing business, in the State of Texas, is a citizen of the State of Texas, and may be served with process herein by serving its registered agent for service of process in the State of Texas as follows:

**American Bankers Life Insurance Company of Florida**
**c/o Corporation Service Company**
**800 Brazos**
**Austin, TX 78701**

2.03   Defendant, Wells Fargo Insurance, Inc., is a foreign corporation duly organized and existing under the laws of the State of Minnesota and authorized to do business, and doing business, in the State of Texas,, and may be served with process herein by serving its registered agent for service of process in the State of Texas as follows:

**Wells Fargo Insurance, Inc.**
**c/o Corporation Service Company**
**800 Brazos**
**Austin, TX 78701**

## III.

## <u>VENUE</u>

Venue is proper in Willacy County, Texas, pursuant to § 15.002(a)(1), Tex. Civ. Prac. & Rem. Code, as Willacy County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff resides in Willacy County, the policy was purchased in Willacy County, paid the premiums in Willacy County, her husband resided in Willacy

County at the time of his death, she made claim for death benefits from Willacy County, and she was advised in Willacy County that those death benefits were being denied, and the claim was being rejected and the policy rescinded. In addition, venue is proper in Willacy County, Texas, pursuant to §15.032, Tex. Civ. Prac. & Rem. Code, in that this is a suit on a policy against a life insurance company, and Willacy County is the county in which the loss occurred and in which the policyholder and beneficiary resided at the time the action accrued.

## IV.

## CONDITIONS PRECEDENT

All conditions precedent to recovery, including notice as required under the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA") have been satisfied. Plaintiff made demand for payment of the policy benefits, which demand was denied on December 4, 2001. Plaintiff thereafter retained the undersigned counsel who made formal demand pursuant to the applicable provisions of the DTPA and Texas Insurance Code by letters to American Bankers and Wells Fargo dated July 12, 2002, and this demand was formally rejected by American Bankers' Financial Claims Department by letter dated July 26, 2002, and by Wells Fargo by letter dated July 17, 2002.

## V.

## AGENCY

5.01    Unless otherwise stated herein, whenever it is alleged in this pleading that American Bankers committed an act, made a representation or statement, failed to perform an act, or failed to make a statement, it means that American Bankers was acting or failing to act through its authorized agents, servants, or employees acting with either express, implied, apparent and/or ostensible

authority; or that American Bankers subsequently ratified and benefitted financially from these acts, failures to act, representations, statements or conduct.

5.02   Unless otherwise stated herein, whenever it is alleged in this pleading that Wells Fargo committed an act, made a representation or statement, failed to perform an act, or failed to make a statement, it means that Wells Fargo was acting or failing to act through its authorized agents, servants, or employees acting with either express, implied, apparent and/or ostensible authority; or that Wells Fargo subsequently ratified and benefitted financially from these acts, failures to act, representations, statements or conduct.

5.04   Wells Fargo acted in this transaction on behalf of and as the agent of American Bankers, and American Bankers acted in this transaction on behalf of and as the agent of Wells Fargo. Therefore, whenever it is alleged in this pleading that American Bankers committed an act, made a representation or statement, failed to perform an act, or failed to make a statement, it further means that Wells Fargo, and its employees, were acting as the agent of American Bankers, with either express, implied, apparent and/or ostensible authority, or their actions were subsequently ratified by American Bankers and financially benefitted American Bankers. Likewise, whenever it is alleged in this pleading that Wells Fargo committed an act, made a representation or statement, failed to perform an act, or failed to make a statement, it further means that American Bankers, and its employees, were acting as the agent of Wells Fargo, with either express, implied, apparent and/or ostensible authority, or their actions were subsequently ratified by Wells Fargo and financially benefitted Wells Fargo.

# VI.

## FACTS OF THE CASE

6.01    In or around November 2000, Weimer and her husband, Lawrence, received a solicitation from Wells Fargo, offering financial security through guaranteed insurance coverage which was being offered by Wells Fargo. On November 13, 2000 therewith, the Weimers went to the Wells Fargo Bank in Raymondville, Texas, where a representative of Wells Fargo and American Bankers met with them, provided them with a LifeStyle Group Term Life Insurance Enrollment Form and asked them to complete the form and sign the same. Once the enrollment form for the insurance was completed and signed by the Weimers, it was turned over to Wells Fargo to be submitted to American Bankers.

6.02    The enrollment form contained a "Good Health Statement" as follows:

> By signing this form, I/we hereby certify that all of the information I/we have provided on this enrollment form is true and correct and that I/we have not been diagnosed or treated by a physician within the past five years for any impairment or disease of the following: (1) the heart or circulatory system, 92) the lungs or respiratory system, (3) the stomach or digestive system, (4) the liver or kidneys, (5) the brain or nervous system, or for (6) cancer or any malignant disease, (7) Acquired Immune Deficiency Syndrome or any AIDS-related disease, or (8) the HIV virus or (9) diabetes. I hereby certify that I have the authority and do so authorize my Financial Institution to make the appropriate account debit for the amount of Additional Coverage indicated. I understand that my Additional Coverage will become effective and continue only upon payment of premiums as they become due. By signing this enrollment, I/we acknowledge that the Good Health Statement is true and accurate for each person to be insured.

The representative did not read the Good Health Statement on the enrollment form to the Weimers even though they had advised the representative that Lawrence suffered from a heart condition and diabetes.

6.03    Thereafter, Wells Fargo forwarded Certificate of Insurance No. WEIL21146A

underwritten by American Bankers in the face amount of $10,000.00 (hereinafter "the Policy"). The Policy named Lawrence as an insured, and Weimer as a beneficiary. A true and correct copy of the Policy is attached hereto and incorporated herein by reference for all purposes.

6.04    On August 5, 2001, Lawrence died. Weimer made application for insurance benefits under the Policy issued by American Bankers. This request for benefits was denied and met with false accusations of American Bankers which continue to this date.

6.05    By letter dated December 4, 2001, American Bankers claimed that Lawrence "was diagnosed with at least one of the referenced conditions" in the Good Health Statement, including Acquired Immune Deficiency Syndrome or any AIDS-related disease, or the HIV virus, and had not provided the information to American Bankers. Not only was this a false accusation, but in addition, American Bankers communicated this information to Wells Fargo, and A.G.I.A., Inc., Wells Fargo's Program Administrator, and left the impression that Lawrence might be suffering from AIDS or had tested positive for the HIV virus, and this casting of Lawrence in a false light to one of his creditors was outrageous.

6.06    Subsequently, the undersigned attorneys made formal demand on behalf of Weimer for payment of the Policy benefits and her damages for mental anguish occasioned by American Bankers' false accusations and wrongful denial of her claim. American Bankers, rather than studying the file and acknowledging their errors, continued their pattern of abuse and falsely accused Lawrence of making false, material misrepresentations, again an allegation which was simply untrue. To add insult to injury, American Bankers again made the allegation that Lawrence might have been suffering from AIDS or might have tested positive for the HIV virus when this was absolutely false. The actions of American Bankers in the handling of this claim are utterly abhorrent, shock the

conscience, and constitute a callous disregard for the law and the mental well being of Weimer who just recently lost her beloved husband, Lawrence.

## VII.

### FIRST CAUSE OF ACTION: UNFAIR INSURANCE PRACTICES

7.01    By their conduct outlined above, Defendants are guilty of unfair practices in the business of insurance, which is prohibited by Article 21.21, § 16 of the Texas Insurance Code.

7.02    Specifically, Defendants are guilty of the following unfair insurance practices which have been a producing cause of Weimer's damages:

(a)    Defendants engaged in false, misleading or deceptive acts or practices by engaging in an act or series of acts that have the tendency to deceive an average ordinary person, even though that person may have been ignorant, unthinking or gullible, in violation of § 17.46(a) of the DTPA and Texas Insurance Code Article 21.21, § 16.

(b)    Defendants misrepresented the terms, benefits or advantages of the Policy in violation of Texas Insurance Code Article 21.21, § 4(1).

(c)    Defendants made, or directly or indirectly caused to be made, an assertion, representation or statement with respect to insurance that was untrue, deceptive or misleading in violation of Texas Insurance Code Article 21.21, § 4(2).

(d)    Defendants misrepresented to Weimer a material fact or policy provision relating to the coverage at issue in violation of Texas Insurance Code Article 21.21, § 4(10).

(e)    American Bankers failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of Weimer's claim when American Bankers' liability had become reasonably clear in violation of Texas Insurance Code Article 21.21, § 4(10).

(f)    American Bankers refused to pay Weimer's claim without conducting a reasonable investigation of the claim in violation of Texas Insurance Code Article 21.21, § 4(10).

(g)    Defendants made misrepresentations relating to the insurance policy

by making untrue statements of material facts in violation of Texas Insurance Code Article 21.21, § 4(11).

(h)    Defendants made misrepresentations relating to the insurance policy by failing to state material facts that were necessary to make other statements not misleading, considering the circumstances under which the statements are made, in violation of Texas Insurance Code Article 21.21, § 4(11).

(i)    Defendants made misrepresentations relating to the insurance policy by making statements in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact in violation of Texas Insurance Code Article 21.21, § 4(11).

7.03    The unfair practices listed above have been, together and separately, producing causes of Weimer's damages as hereinafter alleged for which she sues. In addition, the unfair practices listed above have been engaged in knowingly in that Defendants had actual awareness, at the time of the acts complained of, of the falsity, deception or unfairness of the conduct in question, thereby entitling the jury to award Weimer three times her damages as additional damages under Article 21.21, § 16 of the Texas Insurance Code for which Weimer sues.

## VIII.

## SECOND CAUSE OF ACTION: BREACH OF CONTRACT

American Bankers breached the Policy by denying Weimer's claims, thereby causing her to lose the benefit due under the Policy.

## IX.

## THIRD CAUSE OF ACTION: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

By its conduct outlined above, American Bankers has breached its common law duty of good faith and fair dealing by denying Weimer's claim and rescinding the coverage without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a

reasonable basis for denial and rescission. American Bankers' breach of its duty of good faith and fair dealing exhibited a conscious indifference to Weimer's rights and welfare, and its conduct has been a proximate cause of actual damages to Weimer for which she sues.

## X.

## FOURTH CAUSE OF ACTION: FRAUDULENT CONDUCT

By its conduct outlined above, American Bankers is guilty of common law fraud. American Bankers engages in a practice of post-issue claims underwriting. American Bankers has a very simplified application with one very vague and broad health statement. If a claim is made within the first two years of the issuance of the Policy, American Bankers then obtains the insured's medical records and scours them for any evidence of prior medical problems, and then contends that the insured failed to appropriately answer the overly broad and vague health statement on the application. American Bankers does not investigate in any respect the medical condition of the applicant prior to issuing the Policy, but instead waits until a claim has been made to begin its underwriting process, and then specifically engages in an investigation in an attempt to find medical conditions which would warrant rescission of the Policy. This conduct, known as post-issue claims underwriting, is something that the insureds are never told about until they unfortunately experience its effects when submitting a claim. This action of American Bankers constitutes fraudulent concealment and fraudulent misrepresentation intentionally engaged in by American Bankers to the detriment of Weimer, thereby causing her damage for which she sues.

## XI.

## COMMON SCHEME AND PLAN

The conduct of American Bankers as set forth above results from a common scheme or

design by American Bankers to engage in post-issue claims underwriting, and to unfairly deny payment of legitimate claims by policyholders-within the first two years of the issuance of a life insurance policy. As such, Plaintiff intends to discover and introduce evidence of such common scheme and plan in support of the foregoing claims.

## XII.

## DAMAGES

12.01   Defendants' acts and omissions, as more particularly described above, have been a producing and proximate cause of damage to Plaintiff. Plaintiff has lost the benefit of the Policy in the amount of approximately $10,000.00 for which she sues. Further, Plaintiff has suffered mental anguish at the hands of the Defendants as a result of American Bankers' false accusations towards her and her deceased husband. Because of the death of her husband, Weimer was understandably grieving. The actions of Defendants, though, compounded Weimer's grief and caused a loss of mental well-being, because at the time when she was grieving over the loss of her husband. Plaintiff, therefore, sues for monetary recovery for such loss in an amount to be determined by the jury but not to exceed $5 million.

12.02   Plaintiff further sues for trebling of said damages pursuant to the applicable provisions of the Texas Insurance Code as a result of Defendants' knowing conduct, and further sues for the imposition of an 18% penalty on the Policy benefits as provided under Article 21.55, Texas Insurance Code. In addition, the harm complained of by Plaintiff herein results from the malice of Defendants in that when viewed objectively from the standpoint of Defendants at the time they engaged in the conduct complained of, it involved an extreme degree of risk of financial ruin to Weimer who was depending on the insurance proceeds to pay for the funeral expenses, and

considering the probability and magnitude of potential harm, and Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded with callous indifference of the rights and welfare of Weimer, thereby justifying the imposition of exemplary damages in the highest amount allowed by law. The punitive damages which should, therefore, be imposed against Defendants should take into consideration this fraudulent conduct, as well as the financial position of the Defendants.

## XIII.

### ATTORNEY'S FEES

Plaintiff sues for reasonable and necessary attorney's fees for the preparation and trial of this cause and any appeal therefrom pursuant to Article 21.21 of the Texas Insurance Code and § 38.001, *et seq.,* Texas Civil Practices and Remedies Code, taking into consideration all relevant factors, including the contingent fee arrangement between Plaintiff and her attorneys.

## XIV.

### JURY DEMAND

Plaintiff requests this case be decided by a jury as allowed by Tex. R. Civ. P. 216. The appropriate jury fee has been paid by Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon final trial hereof, she recover from Defendants actual and consequential damages as alleged, treble damages and statutory penalties, exemplary damages, pre-judgment interest, post-judgment interest, attorney's fees, costs, and such other relief, at law or in equity, general or specific, to which she may show herself to be justly entitled.

Respectfully submitted,

MALESOVAS & MARTIN, L.L.P.
P.O. Box 1709
Waco, TX 76703-1709
Telephone: 254/753-1777
Telecopier: 254/755-6400


By: _____
     John L. Malesovas
     State Bar No. 12857300

Anthony L. Vitullo
State Bar No. 20595500
FEE, SMITH, SHARP & VITULLO, L.L.P.
One Galleria Tower
13355 Noel Road, Suite 1200
Dallas, TX 75240
Telephone: 972/934-9100
Telecopier: 972/934-9200

Jim Solis
State Bar No. 18826760
Rio Grande Law Center Building
501 East Tyler
Harlingen, TX 78550
Telephone: 956/425-8683
Telecopier: 956/425-1844

ATTORNEYS FOR PLAINTIFF


02\036originalpetition[4]

A

## CERTIFICATE OF INSURANCE

INSURANCE CARRIER
American Bankers Life Assurance Company of Florida

CERTIFICATEHOLDER
LAWRENCE WEIMER
RR 2 BOX 129
RAYMONDVILLE, TX 78580-9603

### WELLS FARGO

CERTIFICATEHOLDER IDENTIFIERS
Group Policy #: PTX15018

Policyholder: American Association for Financial Institutional Services

Certificate #: WEIL21146A

Part. Org.: Wells Fargo

PROGRAM ADMINISTRATOR
A.G.I.A., Inc.
P.O. Box 189
Santa Barbara, CA 93102-0189

PLAN OF INSURANCE
LifeStyle
Beneficiary - As on file

### SCHEDULE FOR CURRENT COVERAGE

| | Effective Date: | Coverage Type: | Amount of Coverage: | Monthly Premium: |
|---|---|---|---|---|
| **Certificateholder** | | | | |
| Basic Amount (Non-Contributory) | 1/01/01 | Individual | See Basic Term Life Coverage | N/A |
| Additional Amount (Contributory) | 1/01/01 | Individual | $10,000.00 | $7.62 |
| **Spouse** | | | | |
| Additional Amount (Contributory) | 1/01/01 | Spouse | $10,000.00 | $5.04 |

### LEVEL TERM LIFE INSURANCE SCHEDULE OF BENEFITS

Insurance benefits are determined by this Schedule of Benefits and the term of the Group Policy.

**CERTIFICATEHOLDER & SPOUSE COVERAGE**
An amount of insurance as selected by you or your spouse from $10,000 to a maximum of $100,000 in increments of $10,000.

Insurance benefits for all Covered Persons terminate when the Certificateholder attains age 75.

CR3751 (Rev 11/97)                                    Date Prepared:    12/06/00

EXHIBIT
A

## MONTHLY RATES PER $10,000 COVERAGE

| Entry Age | Non-Smoker | | Smoker | |
|---|---|---|---|---|
| | Male | Female | Male | Female |
| Under 30 | 1.68 | 1.14 | 2.34 | 1.44 |
| 30-34 | 2.04 | 1.44 | 2.94 | 2.16 |
| 35-39 | 2.28 | 1.80 | 3.72 | 2.70 |
| 40-44 | 3.06 | 2.82 | 5.40 | 4.98 |
| 45-49 | 4.98 | 3.96 | 9.90 | 7.44 |
| 50-54 | 7.62 | 5.04 | 14.64 | 10.32 |
| 55-59 | 11.82 | 6.78 | 23.64 | 12.84 |
| 60-64 | 16.74 | 10.14 | 34.86 | 18.00 |
| 65-69 | 30.36 | 14.64 | 49.50 | 24.78 |
| 70-74* | 42.78 | 20.28 | 67.50 | 31.50 |

Premiums are based on You or Your Spouse's entry age, and will increase when You or Your Spouse enter each age bracket as shown above. *For renewal only.

**BASIC COVERAGE (No Cost to the Certificateholder)**

The amount of life insurance is determined by the Certificateholder's attained age on the date of the death (as shown below) and will continue for one full year.

| Age | Amount of Insurance |
|---|---|
| 18-64 | $1,000 |
| 65-69 | $750 |
| 70 | $500 |

CR3751 (Rev 11/97)

08007    (10/00)

# CERTIFICATE OF INSURANCE

### PLEASE READ YOUR TERM LIFE INSURANCE
### CERTIFICATE CAREFULLY

We certify that, subject to the terms of the Group Policy, the Certificateholder nam.  · in the Certificate schedule (referred to as you, your and yours) is insured for the benefits described in :  . Certificate. Your eligible Dependent, if any, for whom premiums have been paid is also insured for the  efits described in this Certificate. You and your Dependent are referred to as the Covered Person.

### *EFFECTIVE DATE OF INSURANCE*

This insurance takes effect 12:01 A.M., on the Effective Date shown on the Certificate  .nedule.

This Certificate summarizes certain provisions of the Group Policy. All coverage and  · /isions are subject to those in the Group Policy issued to the Policyholder.

### *THIRTY (30) DAY RIGHT TO EXAMINE CERTIFICATE*

If you are not satisfied for any reason, you may return your original Certificate within 30 days after receipt. Your premium will be refunded. When so returned, the Certificate is void from the beginning. Return the Certificate to us at our Administrative Office or to our authorized agent.

### *DEFINITIONS*

When used in this Certificate the following words and phrases have the meaning given. The use of any personal pronouns includes both genders.

**Additional Coverage** means coverage afforded by the Certificateholder and/or his Dependents as selected by the Certificateholder for which premium is paid. Also known as contributory.

**Basic Coverage** means coverage afforded to the insured Certificateholder as selected by the Participating Organization at no cost to the Certificateholder. Also, known as complimentary and non-contributory.

**Beneficiary** means the person or entity named by you, on forms and in a manner approved by us, to receive benefits.

**Dependent** means your Spouse, unless you are legally separated; your unmarried children at least 15 days but under age 19; or under age 23 if enrolled as a full-time student in an accredited college, university, vocational or technical school; and children whose support is required by a court decree.

Children include natural children, stepchildren, and legally adopted children. They must be primarily dependent on you for support and maintenance.

A spouse or child who is insured under the Group Policy as a Certificateholder will not be eligible as a Dependent. If a husband and wife are both insured as Certificateholders, a child will be the Dependent of only one.

**Evidence of Insurability** means proof that you or your Dependent is acceptable for insurance according to our current underwriting rules. Such proof is at our cost unless we direct otherwise.

CR-3751(Rev. 11/97)

**Group Policy** means the contract issued to the Policyholder providing the benefits described herein.

**Participating Organization** means an organization which has signed a Participation Agreement adopting the Policyholder's plan of insurance.

**Policyholder** means the legal entity in whose name the Group Policy is issued, as shown on the schedule.

**Policy Month/Quarter** means the period of time starting on the first day of the calendar month/quarter; it ends on the last day of the same month/quarter.

## CHANGES IN COVERAGE

If, after your Effective Date of insurance, you add an eligible Dependent or request a change in the benefits for a Covered Person, the Effective Date of Insurance for the new coverage will be the beginning of the Policy Month/ Quarter following our approval of the enrollment or change request; subject to the payment of any additional required premium.

## CERTIFICATEHOLDER'S LIFE INSURANCE BENEFITS

When we receive due proof that you died while insured, we will pay the Life Insurance Benefit shown in the schedule to your Beneficiary. It is subject to all the other provisions of the Group Policy.

**Suicide:** We will not pay any benefits if you commit suicide within two (2) years after the effective date of your coverage. There will be a refund of premiums paid.

**Conversion Privilege:** You may use this option when all or part of your insurance ends, subject to the following:

If all or part of your insurance ends because:

1. your membership with the Policyholder ends;
2. you attain age 75; or,
3. the Group Policy terminates,

then you may convert the insurance to an individual policy. Evidence of Insurability will not be required. The individual policy will not have disability or supplementary benefits. You must apply for the coverage and pay the first premium within 31 days after insurance ends. The policy will be issued subject to the following:

1. The policy will be on one of the forms we currently offer for conversion under the Group Policy. This does not include term insurance.
2. The amount of the policy may not exceed the amount of insurance under Group Policy.
3. The premium for the policy will be at our usual rate for a conversion policy. It will be based on the amount of insurance applied for, risk class, type of policy and your age on the policy issue date.

Any policy issued will be put in force at the end of the 31-day period during which enrollment must be made.

If you die during the time in which you are entitled to convert, we will pay the benefit that you had under the Group Policy. This will be done whether or not you actually applied for the individual policy.

You must be given notice of the conversion privilege at least 15 days prior to the expiration of the 31-day period within which you have the right to convert. If you are not given a notice, you will have an additional period within which to convert; nothing here will be construed to continue any insurance beyond the period provided in the Group Policy. The additional period will expire 15 days after you are given notice; in no event will such additional period extend beyond 60 days after the expiration of the period provided in the Group Policy. Written notice presented to you or mailed by us will be deemed to be notice for the purpose of the Policy.

## DEPENDENT'S LIFE INSURANCE BENEFITS

When we receive due proof that a Dependent dies while insured, we will pay the Life Insurance Benefit shown in the schedule to the Dependent's Beneficiary. It is subject to all the other provisions of the Group Policy.

**Suicide:** We will not pay any benefits if a Dependent commits suicide within two (2) years after the effective date of his coverage. There will be a refund of premiums paid.

**Conversion Privilege:** The Dependent may use this option when all or part of his insurance ends, subject to the following:

If all or part of a Dependent's insurance ends because:

1. your membership with the Policyholder ends;
2. of your death;
3. you attain age 75;
4. the Dependent ceases to be a dependent or attains a limiting age, as defined; or
5. the Group Policy terminates,

then he may convert the insurance to an individual policy. Evidence of Insurability will not be required. The individual policy will not have disability or supplementary benefits. The Dependent must apply for the policy and pay the first premium within 31 days after insurance under this Policy ends. The policy will be issued subject to the following:

1. The policy will be on one of the forms we currently offer for conversion under the Group Policy. This does not include term insurance.
2. The amount of the policy may not exceed the amount of insurance under the Group Policy.
3. The premium for the policy will be at our usual rate for a conversion policy. It will be based on the amount of insurance applied for, risk class, type of policy and Dependent's age on the policy issue date.

Any policy issued will be put in force at the end of the 31-day period during which application must be made.

If the Dependent dies during the time in which he is entitled to convert, we will pay the benefit that he had under the Group Policy. This will be done whether or not he actually applied for the individual policy.

## WHEN COVERAGE ENDS

A Covered Person's insurance automatically ends on the first of the following dates:

1. The date the Group Policy is terminated;
2. The premium due date you fail to pay the required premium, except as provided in the Grace Period;
3. The premium due date after you are no longer a Certificateholder of the Participating Organization;
4. The premium due date next following the date the Participating Organization ceases to participate in this plan of insurance;
5. The premium due date next following your attainment of the termination age shown in the Schedule.

Your Dependent's insurance automatically ends on the first of the following dates:

1. The date your coverage terminates;
2. The premium due date after a Covered Person ceases to be an eligible Dependent.

Termination of the Group Policy will not prejudice any claim originating prior to termination subject to all other terms of the Group Policy.

A Covered Person whose insurance ends because his membership with the Participating Organization ends may again become eligible for insurance at a time mutually agreed upon by you and us.

**Reinstatement:** If your coverage ceases as provided in the Grace Period provisions, you may reinstate it provided you apply within 90 days after the due date of the first unpaid premium. Such reinstatement is subject to:

1. the Certificateholder paying all overdue premiums; and
2. the Certificateholder submitting evidence of insurability satisfactory to us.

The reinstated policy will not cover a loss which occurred during the lapse period.

## PREMIUMS

We provide insurance coverage in return for premium payment. Premiums are payable by you. Your first premium is due on your Effective Date. Premiums are paid to us on or before the due date. The initial premium rates are shown on your Certificate schedule.

**Premium Changes:** We have the right to change the premium rates on any premium due date after the first policy anniversary. We will provide written notice at least 31 days before the date of change. The premium rates may also be changed at any time the terms of the Group Policy are changed.

Premiums may be paid monthly, quarterly, semiannually or annually. The premium may be changed by sending us a written request. Upon our approval, the change will be made.

**Grace Period:** You have a 31-day grace period for the payment of each premium due after the first premium. Coverage will continue in force during the grace period. It will terminate at the end of the grace period if all premiums which are due are not paid. We will require payment of all premiums for the period this coverage continues in force, including the premiums for the grace period.

**Unpaid Premium:** When a claim is paid for a loss incurred during the Grace Period, any premium due and unpaid may be deducted from the claim payment.

## GENERAL PROVISIONS

**Aggregate Limit of Liability:** Each eligible person may elect coverage that may be applied to only one account covered by the Participating Organization.

**Assignment:** Your Life Insurance Benefits are assignable. We assume no responsibility for the validity of an assignment; nor are we bound by an assignment unless it is in writing and recorded with us. Assignment may not be for the Policyholder's benefit. The rights of a Beneficiary may be subordinate to an assignment. Dependent's Life Insurance Benefits are not assignable.

**Beneficiary Changes:** You may name any person to be your Beneficiary at the time of enrollment. You may change your Beneficiary at any time. When we receive and record the change request, it will take effect as of the date you signed it. The prior Beneficiary's interest ends the date the new designation takes effect.

If more than one Beneficiary is named without stating their respective interests, they will share equally. If a Beneficiary dies before the Certificateholder, that interest ends. The Beneficiaries that survive will share equally unless you make a written request to the contrary.

You are your Dependent's Beneficiary. If you die before the Dependent, any benefit for the Dependent will be paid to the first surviving class of the following: The Dependent's spouse, children, parents, brothers and sisters, executors or administrators

**Clerical Error:** Clerical errors or delays in keeping records for this Certificate will not deny insurance which would otherwise have been granted; not extend insurance which otherwise would have ceased and call for a fair adjustment of premium and benefits to correct the error. However, such adjustment will not be made beyond the preceding renewal date of the Plan.

CR-3751 (Rev. 11/97)                                   4

**Conformity to Law:** Any provision of this Certificate which is in conflict with the laws of the state in which it is issued is amended to conform with the laws of that state.

**Entire Contract; Changes:** The Group Policy, the Policyholder's enrollment, and any other attachments is the entire contract between us. Any statement you or the Policyholder make is a representation and not a warranty. No statement will be used by us to void or reduce benefits unless that statement is a part of the written enrollment.

This Certificate may be changed at anytime by written agreement between us. Only our President, Vice-President or Secretary may change or waive the provisions of this Certificate. No agent or other person may change this Certificate or waive any of its terms. The change will be endorsed on this Certificate.

**Facility of Payment:** If there is no named Beneficiary at the Covered Person's death, the benefit will be paid to the first surviving class of the following: spouse, children, parents, brother and sisters, executors or administrators. We do have the option to pay up to $500 to any person who is entitled to it. The person must show proof that they have paid funeral or other expenses related to the death or last illness of the Covered Person.

If a Beneficiary is a minor and there is no parent or legal guardian, or if he can not give a valid release, the benefit will be paid: to the person or institution we decide has assumed custody or support of the Beneficiary.

Any payment that we make in good faith will fully discharge us to the extent of that payment.

**Incontestability:** No statement made by a Covered Person can be used in a contest after his insurance has been in force two (2) years during his lifetime. No statement a Covered Person makes can be used in a contest unless it is in writing and signed by him.

If your insurance is reinstated, this provision will apply from the effective date of reinstatement.

**Misstatement of Age:** If the age of a Covered Person has been misstated in the enrollment for insurance under the Group Policy, the benefits payable will be those which the premiums paid would have purchased based upon his correct age, otherwise, there will be an equitable adjustment of premiums.

**Right to Examine:** The Group Policy is in the possession of the Policyholder, it will be available to be inspected by you at any time during business hours at his office.

**Worker's Compensation:** This Policy is not a Worker's Compensation Policy. It does not satisfy any requirement for coverage by Worker's Compensation Insurance.

Our President and Secretary witness this Certificate.

Secretary                                          President

CR-3751 (Rev. 11/97)                    5

B

 **CAUSE NO. 02-220**

| | | |
|---|---|---|
| **EMILY J. WEIMER** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **VS.** | § | **OF WILLACY COUNTY, TEXAS** |
| | § | |
| **AMERICAN BANKERS LIFE** | § | |
| **ASSURANCE COMPANY OF FLORIDA** | § | |
| **and WELLS FARGO INSURANCE, INC.** | § | **138TH JUDICIAL DISTRICT** |

<u>ORIGINAL ANSWER OF</u>

<u>AMERICAN BAKERS LIFE ASSURANCE COMPANY OF FLORIDA</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, a Defendant in the above-entitled and numbered cause, and files this its Original Answer, and for such answer would respectfully show unto the Court as follows:

I.

Reserving the right to file other and further pleadings, exceptions and denials, this Defendant denies each and every material allegation contained in Plaintiff's Petition and demands that Plaintiff be required to prove the same, if it can, by a preponderance of the evidence in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by its claims and that this Defendant go hence with its costs without day, and for such other and further relief, at law or in equity, to which Defendant may be justly entitled.

OCT 1 1 2002
1:12

Respectfully submitted,

ATLAS & HALL
P. O. Drawer 3725
McAllen, Texas 78502
Tel. (956) 682-5501
Fax  (956) 686-6109

By_____,
     Daniel G. Gurwitz
     State Bar I.D.#00787608

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of October, 2002, a true and correct copy of the above and foregoing document has been faxed and/or mailed by certified mail, return receipt requested, to the following counsel of record:

John L. Malesovas
MALESOVAS & MARTIN
P.O. Box 1709
Waco, Texas 76703-1709
*CMRRR: 7000 0520 0025 4205 9841*

Anthony L. Vitullo
FEE, SMITH, SHARP & VITULLO, L.L.P.
One Galleria Tower
13355 Noel Road, Suite 1200
Dallas, Texas 75240
*CMRRR: 7000 0520 0025 4205 9827*

Jim Solis
Rio Grande Law Center building
501 East Tyler
Harlingen, Texas 78550
*CMRRR: 7000 0520 0025 4205 9834*

Chris Boswell
STAPLETON, CURTIS & BOSWELL, L.L.P.
515 E. Harrison, Suite A
Harlingen, Texas 78551
*Regular mail*

Daniel G. Gurwitz

C

## CAUSE NO. 02-220

| | | |
|---|---|---|
| EMILY J. WEIMER | - § | IN THE 138TH JUDICIAL |
| | § | |
| vs. | § | |
| | § | DISTRICT COURT OF |
| AMERICAN BANKERS LIFE | § | |
| ASSURANCE COMPANY OF | § | |
| FLORIDA and WELLS FARGO | § | |
| INSURANCE, INC. | § | WILLACY  COUNTY, TEXAS |

## DEFENDANT WELLS FARGO INSURANCE, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

WELLS FARGO INSURANCE, INC., Defendant in the above styled and numbered cause, files  this Original Answer in response to Plaintiff's Original Petition and would respectfully show the Court the following:

### 1.

Pursuant to Texas Rule of Civil Procedure 92, Defendant WELLS FARGO INSURANCE, INC. submits this general denial and denies each and every allegation in Plaintiff's Petition and demand strict proof thereof.

**WHEREFORE, PREMISES CONSIDERED,** Defendant WELLS FARGO INSURANCE, INC.  requests that Plaintiff take nothing by her suit, that the Defendant recover all costs, together with such other and further relief to which it  may be justly entitled.

OCT 0 9 2002
4:00

Respectfully submitted,

STAPLETON, CURTIS & BOSWELL, L.L.P.
515 E. Harrison, Suite "A"  (78550)
P.O. Box 2644
Harlingen, Texas  78551
Telephone:        (956) 428-9191
Telecopier:       (956) 428-9283

By:_____

Chris Boswell
State Bar No. 02683300
Clerk Id. No. 00003801

**Attorneys for Defendant Wells Fargo
Insurance, Inc.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing Original Answer was on this the ___9th___ day of October, 2002, forwarded to all counsel herein:

Mr. John L. Malesovas                    Via Facsimile (254) 755-6400
Malesovas & Martin, LLP                  And
P.O. Box 1709                            CMRRR #7001 2510 0006 8914 3467
Waco, Texas 76703-1709
Attorney for Plaintiff

Mr. Anthony L. Vitullo                   Via Facsimile (972) 934-9200
Fee, Smith, Sharp & Vitullo             and
One Galleria Tower                       First Class Mail
13355 Noel Road, Suite 1200
Dallas, Texas 75240
Attorney for Plaintiff

Mr. Jim Solis                            Via Facsimile (956) 425-1844
501 East Tyler                           And
Harlingen, Texas 78550                   First Class Mail
Attorney for Plaintiff

Mr. Danny Gurwitz                        Via Facsimile (956) 686-6109
Atlas & Hall                             And
P.O. Drawer 3725                         CMRRR #7001 2510 0006 8914 3450
McAllen, Texas 78502-3725
Attorney for Defendant American Bankers

_____
Chris Boswell

4

# CIVIL DOCKET

## In the 138th District Court

CASE NO. 02-220

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| 02-220 | Emily J. Weimer | John L. Malesovas | Unfair Insurance Practices/ Breach of Contract/Breach of the duty of Good faith and Fair Dealing/Fraudulent Conduct | 9 | 4 | 02 |
| | | P.O. Box 1709, Waco, Texas 76703-1709  Pltf. | Jury Fee, | | | |
| **FEE BOOK** | vs. | | | | | |
| Vol. | Page | American Bankers Life Assurance Company of Florida, and Wells Fargo Insurance, Inc. | Chris Boswell for Wells Fargo | | | |
| | | | P.O. Box 2644 | Paid by | | |
| | | | Harlingen, Texas 78551 | | | |
| | | | 956-428-9191 956-428-9283 | Jury No. | | |

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | | PROCESS |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| | | | Was Stenographer Used? | | | Plaintiff's Original Petition filed 9-04-02 |
| | | | | | | Citations issued 9-4-02 |
| | | | | | | American Bankers Life 9/9/02, 9/6/02, 9/26/02 |
| | | | | | | Wells Fargo 9/11/02 f-a-o 9/26/02 |
| | | | | | | Deft.'s Wells Fargo Ins. Inc's Original Answer Filed 10-9-02 |