United States District Court
Southern District of Texas
FILED

MAR 21 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EMILY J. WEIMER<br>*plaintiff* | § § § | |
| vs. | § § | Civil Action No. B-02-199 |
| AMERICAN BANKERS LIFE ASSURANCE<br>COMPANY OF FLORIDA and<br>WELLS FARGO, INC.<br>*defendants* | § § § § § | |

## AGREED MOTION FOR ENTRY OF FINAL TAKE NOTHING JUDGMENT

NOW COMES AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA ("ABI"), defendant, and files this Agreed Motion for Continuance and would respectfully show the court as follows:

1. All parties have settled all matters in dispute in this case. A copy of the Full and Final Settlement Agreement and Mutual Release (the "Agreement") is attached for the court's review.

2. Pursuant to the Agreement, the parties request that the court enter a Final Judgment that each of the parties take nothing and that each party be responsible for its own costs.

3. ABI hereby moves the court to enter the Final Take Nothing Judgment submitted herewith.

WHEREFORE, PREMISES CONSIDERED, defendant ABI prays that this motion be granted and that the court enter a final judgment as prayed for herein and for such other and further relief, at law and equity, to which it may be justly entitled.

Respectfully submitted,

By_____
Daniel G. Gurwitz
State Bar No. 00787608
Fed. I.D. No. 16895
Atlas & Hall, L.L.P.
P.O. Box 3725
McAllen, Texas 78502-3725
Phone: (956) 682-5501
Fax: (956) 686-6109

**Attorney in Charge for defendant
American Bankers Life Assurance
Company of Florida**

## Certificate of Service

I certify that on March 21, 2003 a true and correct copy of the foregoing document was sent to all counsel of record, as follows:

| Attorney: | For: | Served by: |
|---|---|---|
| John L. Malesovas<br>MALESOVAS & MARTIN<br>P.O. Box 1709<br>Waco, Texas 76703-1709 | Plaintiff<br>Emily J. Weimer | Fax and regular US mail |
| Anthony L. Vitullo<br>FEE, SMITH, SHARP &<br>VITULLO, L.L.P.<br>One Galleria Tower<br>13355 Noel Road, Suite 1200<br>Dallas, Texas 75240 | Plaintiff<br>Emily J. Weimer | Fax and regular US mail |
| Jim Solis<br>Rio Grande Law Center Building<br>501 East Tyler<br>Harlingen, Texas 78550 | Plaintiff<br>Emily J. Weimer | Fax and regular US mail |
| Chris Boswell<br>STAPLETON, CURTIS &<br>BOSWELL, L.L.P.<br>515 E. Harrison, Suite A<br>Harlingen, Texas 78551 | Defendant Wells<br>Fargo Insurance, Inc. | Fax and regular US mail |

_____
Daniel G. Gurwitz

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EMILY J. WEIMER | § | |
|     *plaintiff* | § | |
| | § | |
| vs. | § | Civil Action No. B-02-199 |
| | § | |
| AMERICAN BANKERS LIFE ASSURANCE | § | |
| COMPANY OF FLORIDA and | § | |
| WELLS FARGO INSURANCE SERVICES, INC. | § | |
|     *defendants* | § | |

## FULL AND FINAL SETTLEMENT MUTUAL RELEASE AND SETTLEMENT AGREEMENT

1. **Parties.**

The parties to this Full and Final Mutual Release and Settlement Agreement, entered into on this the _____ day of January, 2003 ("Settlement Agreement"), are as follows:

a. **EMILY J. WEIMER:**

EMILY J. WEIMER ("Weimer" or "WEIMER"), her heirs, attorneys, insurers, agents, servants, representatives, employees, affiliated and related corporations, parents, subsidiaries, partners, predecessors and successors in interest, divisions, assigns, and all other persons, firms or corporations in privity with her or any of them, whether or not specifically named herein.

b. **WELLS FARGO INSURANCE SERVICES, INC.:**

"WELLS FARGO INSURANCE SERVICES, INC. incorrectly named as WELLS FARGO, INC. ("Wells Fargo" or "WELLS FARGO") its parent,

sudsidianec specifically Wells Fargo Bank, Tx or its affiliates, successors, assigns, related companies and their past and present agents, representatives, officers, divisions and employees and all other persons, firms or corporations in privity with them or any of them, whether or not specifically named herein.

 c. **AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA.**

AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA ("ABI"), its past, present and future officers, directors, attorneys, insurers, agents, servants, representatives, employees, affiliated and related corporations, parents, subsidiaries, partners, predecessors and successors in interest, divisions, assigns, and all other persons, firms or corporations in privity with them or any of them, whether or not specifically named herein.

2. **The Occurrence.**

Weimer is asserting claims in Cause No. B-02-199, styled Emily J. Weimer vs. Wells Fargo Insurance Services, Inc. and American Bankers Life Assurance Company of Florida (the "Lawsuit"), arising out of an alleged breach of contract and alleged torts related to a life insurance policy insuring the life of Lawrence E. Weimer under which Weimer was a beneficiary, (Certificate No. WEIL21146A), all of which is fully described in the pleadings on file in the Lawsuit. The claims will hereinafter be referred to as the "Occurrence."

3. **Entitled Persons.**

Weimer agrees and represents that the person receiving monies pursuant to this

Settlement Agreement is the only person entitled to any recovery for any cause whatsoever arising as a result of the Occurrence and/or the Lawsuit.

4. **Release, Consideration and Payment.**

   a. Weimer, in exchange for receiving mutual releases and TEN THOUSAND and 00/100 DOLLARS ($10,000.00), plus FOUR THOUSAND and 00/100 DOLLARS ($4,000.00) for attorneys' fees, and other good and valuable consideration, hereby RELEASES, ACQUITS AND FOREVER DISCHARGES ABI and Wells Fargo from any and all claims, liability, demands, damages, controversies, actions and causes of action of any and every character, nature and kind whatsoever, whether known or unknown, to Weimer or anyone claiming by, through or under her, for, arising out of, resulting from or in any way relating to the Occurrence, including, but not limited to, claims that have been or could have been asserted by Weimer in the Lawsuit. IT IS UNDERSTOOD AND AGREED THAT THIS IS A FULL AND FINAL RELEASE MADE TO FULLY AND FINALLY COMPROMISE ANY AND ALL CLAIMS OF EVERY NATURE AND KIND WHATSOEVER WHICH HAVE BEEN OR COULD HAVE BEEN BROUGHT BY WEIMER OR ANYONE CLAIMING BY, THROUGH OR UNDER HER, AGAINST WELLS FARGO OR ABI AS A RESULT OF OR ARISING OUT OF THE OCCURRENCE, EVEN IF CAUSED BY THE NEGLIGENCE OR GROSS NEGLIGENCE OF WELLS FARGO OR ABI. Weimer hereby acknowledges that she will receive no more monies and is entitled to receive no more

monies from Wells Fargo or ABI, either directly or indirectly, as a result of or arising out of or relating to the Occurrence or the Lawsuit.

b. ABI and Wells Fargo, in exchange for receiving a mutual release from the other, hereby RELEASE, ACQUIT AND FOREVER DISCHARGE each other from all claims, demands, controversies, actions and causes of action of any and every character, nature and kind whatsoever, whether known or unknown, accruing or which may hereafter accrue to either of them or to anyone claiming by, through or under them, for, arising out of, resulting from or in any way relating to the Occurrence, including, but not limited to, claims that have been or could have been asserted by either of them in the Lawsuit. IT IS UNDERSTOOD AND AGREED THAT THIS IS A FULL AND FINAL RELEASE MADE TO FULLY AND FINALLY COMPROMISE ANY AND ALL CLAIMS OF EVERY NATURE AND KIND WHATSOEVER WHICH HAVE BEEN OR COULD HAVE BEEN BROUGHT BY EITHER WELLS FARGO OR ABI IN THEIR VARIOUS CAPACITIES OR ANYONE CLAIMING BY, THROUGH OR UNDER THEM, AS A RESULT OF OR ARISING OUT OF THE OCCURRENCE, EVEN IF CAUSED BY THE NEGLIGENCE OR GROSS NEGLIGENCE OF WELLS FARGO OR ABI.

c. Weimer shall receive the $10,000.00 and $4,000.00 payments identified in ¶ 4 (a) on or before January 25, 2002. The payments shall be made payable to Emily J. Weimer and her attorneys, Malesolvas & Martin. Weimer agrees and acknowledges that the payment of the consideration as recited herein

*Full and Final Mutual Release and Settlement Agreement*    4

        is payment in full to her. Weimer further agrees and represents that upon payment of the settlement amount as herein provided, Wells Fargo and ABI are forever RELEASED from any further obligations or payments as a result of the Occurrence or the Lawsuit.

    d.    It is expressly understood and agreed by the parties hereto that the terms hereof are contractual and not merely recitals, and that the agreements herein contained and the consideration transferred are to buy peace, and that no payments made, nor releases or other consideration given shall be construed to be nor are they an admission of liability, all liability being expressly denied.

5.    **Indemnity.**

    WEIMER DOES HEREBY AGREE FOR HERSELF, HER HEIRS, EXECUTORS, ADMINISTRATORS, LEGAL REPRESENTATIVES, SUCCESSORS AND ASSIGNS TO FULLY AND COMPLETELY INDEMNIFY AND HOLD HARMLESS WELLS FARGO AND ABI FROM ANY AND ALL CLAIMS, DEMANDS, INTERVENTIONS, THIRD-PARTY ACTIONS OR CAUSES OF ACTION OF ANY NATURE WHATSOEVER, INCLUDING COSTS AND ATTORNEYS' FEES, MADE BY OR THROUGH WEIMER AND ARISING OUT OF OR IN ANY WAY RELATING TO THE OCCURRENCE OR THE LAWSUIT, EVEN THOUGH CAUSED BY THE NEGLIGENCE OR GROSS NEGLIGENCE OF WELLS FARGO OR ABI.

6.    **Acknowledgment of Release.**

    a.    Wells Fargo, through its authorized representative, acknowledges that it has

read the contents of this Settlement Agreement in its entirety and has consulted with its attorney who has fully explained this Settlement Agreement, and states that it understands the contents of this Settlement Agreement and freely signs herein. Wells Fargo further warrants and acknowledges that the person signing below on its behalf is fully authorized to enter into this Settlement Agreement and contract on its behalf.

b.   ABI, through its authorized representative, acknowledges that it has read the contents of this Settlement Agreement in its entirety and has consulted with its attorneys who have fully explained this Settlement Agreement, and states that it understands the contents of this Settlement Agreement and freely signs herein. ABI further warrants and acknowledges that the person signing below on its behalf is fully authorized to enter into this Settlement Agreement and contract on its behalf.

c.   Weimer acknowledges that she has read the contents of this Settlement Agreement in its entirety and has consulted with her attorneys who have fully explained this Settlement Agreement, and states that she understands the contents of this Settlement Agreement and freely signs herein.

7.   **Captions**.

The captions of this Settlement Agreement are intended for convenience only and shall have no effect upon the interpretation of this Settlement Agreement.

8.   **Succession.**

The terms, provisions, covenants and conditions contained in this Settlement

Agreement shall apply to and inure to the benefit of and be binding upon the Parties hereto and their respective successors in interest and legal representatives, heirs, executors, administrators, successors and assigns, except as otherwise herein expressly provided.

9. **Applicable Law.**

This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Texas, excluding any choice of law rules which may direct application of the laws of any other jurisdiction.

10. **Final Judgment.**

The Parties, after executing this Settlement Agreement, shall file with the Court in Case No. B-02-199, a Final Judgment providing that each of the parties take nothing and that each party be responsible for its own court costs.

11. **Warranty of Non-assignment.**

Weimer warrants and represents that she has not assigned, pledged, or otherwise in any manner whatsoever, sold or transferred, any right, title, interest or claim which she has or may have arising out of the Settled Claims, except to counsel named below who is also executing this instrument and by so executing is fully releasing all claims and causes of action against Wells Fargo and ABI which he may have for attorney's fees, or any assigned interest in the claims settled herein in exchange for the consideration set out herein.

12. **Tax Consequences.**

It is understood and agreed by and between the parties hereto and their attorneys

that Weimer and her attorney have not relied upon any representations, express or implied, made by Wells Fargo or ABI as to the tax consequences of this Settlement Agreement. Weimer further warrants and agrees that no such representations have been made and hereby releases Wells Fargo and ABI from any and all liability in connection with such tax consequences, if any.

13. **Integrated Agreements; Modifications; Waiver.**

This Settlement Agreement contains all of the agreements of the parties and cannot be amended or modified except by written agreement of the parties. No waiver of any of the provisions of this Settlement Agreement shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver.

Wells Fargo Insurance Services, Inc.

By: _____  Date: 3/11/03

Its: EVP

*Full and Final Mutual Release and Settlement Agreement*

8

American Bankers Life Assurance Company of Florida

_____  3/20/03
American Bankers Life Assurance Company of Florida    Date

By: ANGIE M. PERAZA, ESQ.

Its: CLAIMS COUNSEL


_____    Date Feb 13 2003
**EMILY J. WEIMER**


## ACKNOWLEDGMENT

THE STATE OF TEXAS §
§
COUNTY OF Willacy §

    BEFORE ME, the undersigned, a Notary Public in, on this day personally appeared EMILY J. WEIMER, known to me to be the person whose name is subscribed to the foregoing instrument, acknowledged to me that he executed the same for the purposes and consideration therein expressed.

    SUBSCRIBED AND SWORN BEFORE ME, the undersigned authority, on this 13 day of February, 2003.

_____
Notary Public, State of Texas

JOANNA VERNETTI
NOTARY PUBLIC
State of Texas
Comm. Exp. 03-29-2005

*Full and Final Mutual Release and Settlement Agreement*    9

**APPROVED:**

_____    Date: 3-13-03
Daniel G. Gurwitz
State Bar No. 00787608
**ATLAS & HALL, L.L.P.**
P. O. Drawer 3725
818 Pecan (78501)
McAllen, Texas 78502
(956) 682-5501
(956) 686-6109  Fax
**ATTORNEY IN CHARGE FOR**
**American Backers Life Assurance Company of Florida**

_____    Date: 2-10-03
John Malesolvas
State Bar No. 12857300
**MALESOVAS & MARTIN, L.L.P.**
P.O. Box 1709
Waco, Texas 76703-1709
(254) 753-1777
(254) 755-6400 Fax
**ATTORNEY IN CHARGE FOR**
**EMILY J. WEIMER**

_____    Date: 3-13-03
Chris Boswell
State Bar No. 02683300
**STAPLETON, CURTIS & BOSWELL, L.L.P.**
515 E. Harrison, Suite "A" (78550)
P.O. Box 2644
Harlingen, Texas 78551
(956) 428-9191
(956) 428-9283 Fax
**ATTORNEY IN CHARGE FOR**
**Wells Fargo Insurance Services, Inc.**